# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 21-A-4242

$248.00 COST PAID

Leist, Denise

**PLAINTIFF**

**VS.**

Werner Enterprises, Inc., c/o Corporate Creations

**DEFENDANT**

## SUMMONS

TO: WERNER ENTERPRISES, INC., C/O CORPORATE CREATIONS

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Francis Morris
F. Leonard Morris, III
P. O. Box 7409
Tifton, Georgia 31793**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 1st day of December, 2021.**

Clerk of State Court

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# EXHIBIT A

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-4242**

DEC 01, 2021 04:00 PM

Robin C. Bishop, Clerk of State C
Cobb County, Ge

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DENISE LEIST, <br><br> Plaintiff, <br><br> vs. <br><br> WERNER ENTERPRISES, INC., <br><br> Defendant. | CIVIL ACTION NO. |

## COMPLAINT

**COMES NOW**, Denise Leist, Plaintiff, and respectfully shows the Court the following:

**1.**

Plaintiff is a resident of Berrien County, Georgia.

**2.**

Defendant is a Georgia corporation licensed to do business in the State of Georgia. This court has jurisdiction over this Defendant, and venue is proper against this Defendant. Defendant may be served with process by serving its registered agent, Corporate Creations, Inc., at 2958 Gordy Parkway, First Floor, Marietta, GA 30006.

**I.**

### OPERATIVE FACTS

**3.**

Plaint incorporates paragraphs 1 through 2 as if each count were restated in full.

**5.**

On or about January 22, 2020, Defendant's employee driver and Plaintiff were unloading one of Defendant's truck, at 3306 U.S. Highway 82 West, in Tift County, Georgia, Store # 6207.

**6.**

1

**EXHIBIT A**

Defendant is an inventory delivery service for Dollar General, Plaintiff's employer.

**7.**

Defendant's employee truck driver began unloading Defendant's truck.

**8.**

Defendant's employee truck driver was visibly angry.

**9.**

Plaintiff's job requires her to make sure that the inventory needed is delivered.

**10.**

Plaintiff realized that some of the inventory needed was still on the truck.

**11.**

Plaintiff showed Defendant's employee the certain items that were still on the truck.

**12.**

Defendant's employee became even angrier.

**13.**

Defendant's employee snatched the remaining item off a shelf in the back of the truck.

**14.**

When the employee snatched the box, he struck another box full of shovels and rakes.

**15.**

The box of shovels and rakes struck Plaintiff in the left elbow.

**16.**

Plaintiff was severely injured.

**17.**

**EXHIBIT A**

Plaintiff in no way contributed to the incident.

## II.

## LIABILITY

### COUNT 1

### SIMPLE NEGLIGENCE

**18.**

Plaintiff incorporates paragraphs 1 through 17 as if each count were restated in full.

**19.**

Defendant and its employee owed a duty of reasonable care to keep the unloading process safe to Dollar General employees and patrons.

**20.**

Defendant and its employee are liable for the following tortious acts and omissions, which include, but are not necessarily limited to the following:

(a) Negligently hiring, training, managing, and retaining its employees;

(b) Negligently entrusting, instructing, and supervising its employees and agents;

(c) Violating their duty to patrons, customers, and employees of Dollar General;

(d) Failing to act as a reasonably prudent company under the circumstances;

(e) Failing to act as a reasonably prudent business;

(f) Carelessly unloading the items in the truck;

(g) Failure to watch out for Plaintiff during the unloading process; and

(h) Defendants were otherwise negligent.

**21.**

Defendant's negligence was the sole and proximate cause of Plaintiff's injuries.

**EXHIBIT A**

## COUNT 2
## VICARIOUS LIABILITY

**22.**

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 21 as if restated in their entirety.

**23.**

At all times relevant to this action, the individual responsible for unloading Defendant's truck at Dollar General was employed by Defendant and was acting within the scope of his employment.

**24.**

Defendant is responsible for the conduct of its truck driver under the doctrine of *respondeat superior*, agency, or apparent agency.

## COUNT 3
## NEGLIGENT TRAINING AND SUPERVISION

**25.**

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 as if restated in their entirety.

**26.**

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure the unloading process is safe and in failing to train its employees concerning safety procedures safe unloading.

## DAMAGES

**27.**

Plaintiff incorporates paragraphs 1 through 26 as if each count were restated in full.

**28.**

As a direct and proximate result of the aforementioned negligence of Werner Enterprises, Inc., Plaintiff suffered permanent injuries and is therefore entitled to recover for all damages (general and special) resulting therefrom. Plaintiff reserves the right to amend this Complaint to establish the specific amount of special damages both past and future prior to trial.

**29.**

As a direct and proximate result of the aforementioned negligence of Werner Enterprises, Inc., Plaintiff has lost wages and income, as well as the loss of future ability to earn income.

At this time, Plaintiff's medical bills total over $50,000.00.

At this time, Plaintiff's lost wages total over $45,000.00.

## **PUNITIVE DAMAGES**

**30.**

Plaintiff incorporates paragraphs 1 through 29 as if each count were restated in full.

**31.**

Defendant's actions have shown willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to the consequences.

**32.**

Pursuant to O.C.G.A. § 51-12-5.1, Plaintiff is entitled to recover punitive damages from the Defendant.

Accordingly, against Defendant, Plaintiff claims damages for the following:

(a) Compensatory damages for the shock, fright, and terror experienced by Plaintiff during the incident;

(b) Compensatory damages for all components of the mental and physical injuries, pain and suffering, and physical limitations endured by Plaintiff caused by this incident, as will be shown by the evidence at trial;

(c) Special damages for past, present, and future medical expenses and lost wages incurred as a proximate result of the aforementioned incident and subsequent injuries, as will be shown by the evidence at trial;

(d) Punitive damages for the willful, wanton and reckless conduct and behavior of Defendant's employee and Defendant's willful, wanton and reckless hiring, supervision and training of Defendant's employee; and

(e) The full value of past and future medical expenses and past and future lost wages, as well as future inability to earn income, in an amount to be proven at trial.

# EXHIBIT A

WHEREFORE, Plaintiff demands:

(a) Summons of process issue pursuant to Georgia Law and that the Defendant be served as provided by Georgia Law;

(b) Plaintiff recover damages sufficient to compensate her fully for her injuries and damages, including all medical expenses, lost wages, lost ability to earn income, and future pain and suffering in an amount to be determined by a fair and impartial jury;

(c) Punitive damages;

(d) All issues be determined by a fair and impartial jury;

(e) All costs be assessed against Defendant for the cost of bringing this action;

(f) All costs and attorney's fees be assed against Defendant; and

(g) For other and further relief as the Court shall deem just and proper.

Respectfully submitted this 1st day of December, 2021.

/s/F. Leonard Morris, Jr.
F. Leonard Morris, Jr.
F. Leonard Morris III
Attorney for the Plaintiff
Georgia Bar No.: 514016

P.O. Drawer 7409
Tifton, Georgia 31793
(P) 229-386-8011
(F) 229-387-6900

6
**EXHIBIT A**